Amoco Oil Company, Appellant *v.* The Zoning Hearing Board of Middletown Township, Appellee.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Joseph J. Del Sordo,* for appellant.

*Glenn R. Diehl,* with him *Robert B. Surrick, Surrick, Surrick and Gollatz,* for appellee.

OPINION BY JUDGE ROGERS, July 29, 1983:

The Amoco Oil Company has appealed from an order of the Court of Common Pleas of Delaware County affirming an order of the Zoning Hearing Board of Middletown Township denying Amoco's request to modify a condition imposed by the board upon the grant of a special exception.

The facts are that sometime prior to 1964, Amoco began operating a full service gasoline station in Middletown Township and that since 1971, the station has been operated as a nonconforming use. In March, 1978 Amoco applied to the Zoning Hearing Board for a special exception which would permit it to raze the existing full service station and to erect a new self service facility proposed to be operated 24 hours a day. After hearing, the board granted the special exception with the condition that the facility's hours of operation be limited from 6:00 a.m. to 12:00 p.m.[1]

The opinion of the board, which accompanied the grant of the special exception and the imposition of the condition, is not in the record certified to this court; but the parties agree in their written arguments that the board concluded that a 24-hour facility would "constitute an inconvenience to nearby residential use." Amoco did not appeal the board's order.

About two years later, Amoco filed an application in which it requested the board to reconsider the condition restricting the hours of operation and to allow the station to be operated around the clock. After

---

[1] Section 913 of the Municipalities Planning Code, Act of July 1, 1968, as amended, 53 P.S. §10913, empowers zoning hearing boards to "attach [to special exceptions] such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purpose of this act and the zoning ordinance."

hearing, the board denied Amoco's application. The Court of Common Pleas of Delaware County affirmed, holding that Amoco had not carried its burden of proving a substantial change in conditions incident to the property since the grant of the special exception. Amoco has appealed the court's order.

Amoco's argument is that the condition is not reasonably related to the health, safety, morals or general welfare of the community and that because the record of the first proceedings in which the restriction on the hours of operation was imposed was not placed in the record of the second proceedings, it, Amoco, was required to prove only that the condition imposed no longer promotes the public interest. Thus it claims error on the part of the common pleas court in affirming the rejection of its application on the ground that it had failed to prove that there had been a substantial change in conditions. Amoco does not make serious claim to have proved a change in conditions;[2] it argues that the standard of proof required by the court was wrong and in the circumstances imposed an undue burden.

Neither the parties nor we have found a case describing the burden of proof resting on the applicant for the modification of a condition attached to the grant of an unappealable special exception. However, the analogy to variances is perfect. The applicant for a variance seeks relief from the stricture of zoning regulations; the applicant for the removal of a

---

[2] At the hearing in this proceeding, Amoco produced the letter of a near neighbor, who it describes as "the only member of the community who could conceivably be affected by the removal of the condition," in which the writer states that he has no objection to the station's operating 24 hours a day. Amoco contends in written argument only that this evidence tends to show the condition to the exception "no longer promotes the public interest."

condition on an unappealed special exception seeks relief from a definitive limitation upon the use allowed by the special exception. There is, therefore, no reason why the burden of the applicant for relief from a condition attached to an unappealed special exception should be different from that imposed upon the applicant for variance from a zoning regulation materially identical to a variance unsuccessfully sought in an earlier application. In the case of successive applications for a variance, the Supreme Court in *Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 363, 266 A.2d 670, 672 (1970), held:

> Moreover, if this argument of the appellants were construed as advancing a plea of "res judicata", it is still without merit. An order of a court affirming a decision by a Zoning Board refusing a variance does not preclude a subsequent grant of a variance for the same land *if there has been a subsequent substantial change in conditions incident to the land itself.* (Emphasis supplied.)

In *DiBello v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 546, 287 A.2d 856 (1972), we concluded that the applicant was entitled to the variance sought on second application because he had "offered sufficient evidence of subsequent substantial change." Amoco failed to prove a substantial change in conditions incident to its gas station and was properly refused the relief from the condition imposed on the unappealed special exception.

Order affirmed.

### ORDER

AND NOW, this 29th day of July, 1983, the order of the Court of Common Pleas of Delaware County is hereby affirmed.