526 A.2d 464

Donald Saber and Jane Saber, his wife, et al. *v.* The Zoning Hearing Board of The Borough of Roaring Spring. News Printing Company of Roaring Spring, Appellant.

Argued April 20, 1987, before Judges MACPHAIL and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*T. Dean Lower,* for appellant.

*Benjamin I. Levine, Jr.,* with him, *Jolene Grubb Kopriva, Levine, Reese & Serbin,* for appellees.

OPINION BY JUDGE MACPHAIL, May 29, 1987:

News Printing Company (Appellant) appeals an order of the Court of Common Pleas of Blair County which reversed a decision of the Zoning Hearing Board of the Borough of Roaring Spring (ZHB) granting Appellant permission to extend the hours of operation at its loading dock. We affirm.

Appellant's commercial printing business, which has been in operation since before the adoption of a zoning ordinance, is located partially in a commercial district and partially in a residential district. In 1975, Appellant applied for a variance to construct a loading dock on its existing structure in the residential zone. The ZHB granted the variance, subject to conditions including the restriction of loading and unloading to the hours of 7:30 am to 5:30 pm.

In 1985, Appellant applied for a variance to extend the hours of operation at the loading dock to 7:30 am to 10:30 pm. After a hearing before the ZHB, the hours were extended to 7:30 am to 9:30 pm. Local residents, Appellees herein, appealed the decision to the court of common pleas arguing that the extended hours would have an adverse effect on the health, safety and general welfare of the neighborhood. The trial court conducted a *de novo* hearing and concluded that the Appellant had not demonstrated a hardship which would require the variance and that the extension of hours from the original variance would reduce the value of surrounding properties, provide additional risk to neighborhood children, disturb the use and enjoyment of property by residents, and alter the character of the neighborhood. The decision of the ZHB was reversed and the 1975 variance restriction reinstated. Appellant's appeal of this order is now before our Court.

Our scope of review, when the trial court has taken additional evidence in a zoning appeal, is to determine whether the court committed an abuse of discretion or error of law. *Knake v. Zoning Hearing Board of the Borough of Dormont*, 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983).

Appellant argues that the trial court erroneously concluded that it did not meet the five requirements for a variance as set forth in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912. Under Section 912, an applicant for a variance must establish that (1) the ordinance imposes an unnecessary hardship on the property; (2) the hardship results from unique physical characteristics of the property; (3) granting the variance would not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship is not self-inflicted; and (5) the variance sought is the minimum that will afford relief. *Bellosi v. Zoning Hearing Board of Clifton Heights Borough*, 96 Pa. Commonwealth Ct. 83, 506 A.2d 997 (1986). The reasons for granting a variance must be substantial, serious and compelling. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

We agree with the trial court that Appellant has not established the requisite unnecessary hardship for the grant of a variance and that the variance is not necessary to enable a reasonable use of the property. *See* Section 912(1) and (2). Appellant claims that due to the nature of its business,[1] it is essential that Appellant be

---

[1] A witness for Appellant testified that most of its business is printing for the federal government and involves a high volume/low profit type of business structure. The government contracts are very competitive and demand a quick turn around necessitating round-the-clock delivery of raw materials and shipping out of printed materials. Notes of Testimony from February 28, 1986 at 3-6; Reproduced Record at 25a-28a.

permitted to unload and load delivery trucks beyond 5:30 pm to assure that its second and third shifts have materials for printing throughout the evening and night-time hours. If it is not permitted to do so, Appellant contends that it will lose its competitive edge. Appellant argues further that the additional time for loading and unloading is necessary to maintain its current level of business and number of employees and necessary for the full utilization of its existing plant and facilities. Appellant's Brief at 10. This economic hardship is not sufficient to establish unnecessary hardship within the meaning of Section 912(1). *Moses v. Zoning Hearing Board of the Borough of Dormont,* 87 Pa. Commonwealth Ct. 443, 487 A.2d 481 (1985).

The trial court correctly concluded that the hours established by the 1975 variance permits an extensive use of Appellant's facilities, that the variance would permit expanded business, but that a denial of the variance would not impair the business use of the property. As this Court has held, "entitlement to a variance . . . must be based upon a showing that the proposal involves a modernization or other revision essential to the continued viability of the business as distinguished from merely 'taking advantage of the normal increase' of the business." *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa. Commonwealth Ct. 183, 195, 446 A.2d 716, 722 (1982). *See also Bellosi* (expansion must be essential to business' survival).

We also reject Appellant's argument that the requested extension of hours for operation of the loading dock would not alter the neighborhood or be a detriment to the public welfare. As we have noted, the trial court concluded, based on the testimony presented to it, that an extension of the variance would reduce neighboring property values, provide additional risk to

neighborhood children, and disturb the use and enjoyment of property by neighborhood residents. The court concluded further that the extension would alter the character of the neighborhood, in violation of the fourth requirement for a variance set forth in Section 912(4). The record supports this conclusion and finding no abuse of discretion or error of law, we will affirm it.

Finally, Appellant contends that because part of its facilities has been located in a residential district since before the zoning of the borough, its business is a non-conforming use and, as such, entitles Appellant to the variance to permit it to realize the natural growth and expansion of the business. It is true that the right to expand a non-conforming use to provide for the natural expansion and accommodation of increased business is constitutionally protected under the due process clause. *Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A.2d 506 (1969). The right to expand, however, exists only where the contemplated expansion is not detrimental to the public health, welfare and safety. *Id.* As we have already concluded that the trial court correctly held that the requested expansion of Appellant's variance would be detrimental to the public welfare, we reject Appellant's argument that it has a right to the extension of the hours of operation at its loading dock.

We, accordingly, affirm the order of the court of common pleas.

### Order

The order of the Court of Common Pleas of Blair County in the above-captioned proceeding is hereby affirmed.