616 A.2d 1089

**Dallas D. FORD, Appellant,**

v.

**The ZONING HEARING BOARD OF CAERNARVON TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1992.

Decided Oct. 28, 1992.

324

Charles E. Zaleski and Scott C. Painter, for appellant.

Elizabeth A. Hambrick–Stowe, for appellee.

Before CRAIG, President Judge, and FRIEDMAN, J., LORD, Senior Judge.

CRAIG, President Judge.

Dallas D. Ford (landowner) appeals an order of the Court of Common Pleas of Lancaster County affirming a decision of the Zoning Hearing Board of Caernarvon Township that

denied an application Ford submitted. The landowner captioned the application as requesting clarification and interpretation of a variance from frontage requirements, which the board had granted to the landowner in 1987 or, in the alternative, a variance from the terms of that 1987 variance; however, the relief Ford is actually seeking through this action is removal of the conditions the board placed on the grant of the 1987 variance, specifically, the recording of deed restrictions to prevent his further subdivision of his land.

The zoning hearing board summarized the landowner's request and the relief he seeks as follows:

The testimony presented by the applicant demonstrated his desire to combine the two remaining lots of his 1987 thirty (30) acre subdivision and then subdivide that combined lot into a total of six (6) lots. It was stated that one of the lots currently has one (1) dwelling in on the tract with two dwellings on the remaining lot. The applicant stated that all State, County and Township requirements for the proposed subdivision would be adhered to.

The board voted unanimously to disapprove the landowner's request.

The trial court reviewed the decision, taking no additional evidence. Based on the record, the trial court noted that, in 1987, the landowner had submitted a request for a variance from the zoning ordinance's frontage requirements. The zoning hearing board granted a variance which enabled the landowner to subdivide his property into three lots, each of which had only eighty-five feet of frontage, rather than the ordinance's required 150–foot frontage. See Appendix A, appended to this opinion, the plan of those lots. The board, in granting that 1987 frontage variance, placed a condition on its approval, that the landowner record deed restrictions for all three lots to preclude further subdivision of the lots. The landowner, after obtaining subdivision approval from the county planning commission, sold lot No. 3 to a third party in March 1988.

In this appeal, the landowner raises the following issues: (1) whether the trial court erred in affirming the board's decision

not to remove the conditions of its 1987 variance approval, in view of the landowner's claim that he has submitted sufficient evidence concerning changed circumstances; (2) whether the trial court erred in concluding that the board's decision was proper and did not result in a deemed approval, because the board failed to make factual findings and state its reasons for denying the landowner's request; and (3) whether the trial court erred in concluding that the deed restrictions preclude further subdivision of the landowner's property.

### 1. Removal of conditions

Initially, as indicated above, this court notes that the proper relief sought in this case at this stage is not a variance, but rather the removal of some or all of the conditions the board placed on its grant of a variance to the landowner in 1987.

The board stated in its 1987 decision that

Based on the foregoing, and the fact that the appellant will have to receive Lancaster County Planning Commission review and approval for the planned subdivision and storm water management plan, the board unanimously approved the request based on the stipulations that the subdivider, Ford Estates, provide and record deed restrictions for each of the three proposed lots in order that they may not be further subdivided.

The landowner relies upon this court's decisions in *Amoco Oil Company v. Zoning Hearing Board of Middletown Township*, 76 Pa.Commonwealth Ct. 35, 463 A.2d 103 (1983) and *Gazebo, Inc. v. Zoning Hearing Board of Adjustment of the City of Pittsburgh*, 112 Pa.Commonwealth Ct. 37, 535 A.2d 214 (1987).

Both of those cases involve requests for modifications of conditions placed on special exceptions. In *Amoco*, the applicant obtained a special exception for the operation of a service facility, which the board approved. The board placed certain hours-of-operation restrictions on the approval. Amoco later sought relief from the conditions. The court in *Amoco* analogized requests for modifications of special exception conditions to requests for variances. This court, citing *Filanowski v.*

*Zoning Board of Adjustment,* 439 Pa. 360, 363, 266 A.2d 670, 672 (1970), noted that earlier requests for variances are not res judicata with regard to subsequent requests for variances where the applicant establishes that there has been a "subsequent substantial change in conditions incident to the land itself" that renders the condition inappropriate.

Thus, the law certainly supports the proposition that a landowner is not necessarily bound by the terms of a variance a zoning hearing board had granted earlier. Robert Ryan, in his treatise *Pennsylvania Zoning and Law Practice,* § 9.4.20, suggests that the "unnecessary hardship" standard that a landowner must establish in seeking to obtain relief from the terms of the ordinance does not apply in situations in which a landowner requests relief from a condition imposed by a zoning hearing board. Mr. Ryan notes that board-imposed conditions are not provisions of the zoning ordinance, but rather

> condition[s] designed by the zoning board to protect the public interest in the particular case, and nothing more. Accordingly, the better approach is to require only that the applicant proves that the condition no longer promotes the public interest. Ryan, at 105, vol. 2.

In *Gazebo,* the court noted the *Amoco* court's conclusion that landowners seeking to remove conditions must establish that there has been a subsequent substantial change in the circumstances incident to the land itself, and affirmed the board's decision refusing to revise the conditions because the landowner had not established that the revision of the conditions would not be injurious to the public, there having been no substantial change.

■ Based on the *Amoco, Saber,* 106 Pa.Commonwealth Ct. 389, 526 A.2d 464 (1987), and *Gazebo* decisions, Ryan concludes that

> An owner which wishes to obtain a modification of a condition which has become final can obtain relief if he establishes:

(1) Either grounds for a traditional variance (*Saber*) or changed circumstances which render the condition inappropriate (*Amoco*); and

(2) Absence of injury to the public interest.

This court agrees with Mr. Ryan's analysis of this court's decisions. The approach this court has taken with regard to requests for removal of conditions placed on the grant of special exceptions is also appropriate in cases involving conditions placed on the grant of variances.

Thus, if the landowner establishes (1) a change in circumstance that make the condition inappropriate, and (2) that the grant of relief will not injure the public, the board should grant the landowner relief from the condition.

In this case, the record includes a plan, Appendix A, showing the configuration of the landowner's property under the present subdivision. The record also includes a proposed resubdivision plan of the two unsold lots; see Appendix B. The landowner testified that the lots in the proposed subdivision would satisfy all the dimensional requirements of the zoning ordinance. That change in configuration of the lots could constitute the type of change that supports the grant of the removal of the board's conditions. Also, this court must note that compliance with the terms of the ordinance supports the conclusion that no injury to the public will result if the deed restrictions are removed. As shown by Appendix B, the proposed plan that the landowner submitted to the board at the hearing, the landowner's remaining two lots very possibly can be subdivided into six lots that would satisfy the township zoning ordinance's dimensional requirements, a point which will be determined officially and finally in the resubdivision approval process.

 The landowner's proposed subdivision contains six lots that apparently satisfy the ordinance frontage requirement of 150 feet, as compared to his present subdivision which does not satisfy the frontage requirement. Hence, this court concludes that the landowner has established a basis for a change of circumstances of the land that renders inappropriate the

board's original grant of a variance and the conditions imposed to implement that variance. Also, the removal of the conditions, on the two lots, could result in compliance with the zoning ordinance, which is in the public interest.

However, the changed circumstances will come about only after the landowner has submitted the proposed plan, Appendix B, to the township for resubdivision approval and *has received that approval.* Then the restrictions on the two remaining lots can be lifted.

### 2. Propriety of the board's decision.

The landowner argues that section 908(9) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9) requires the board to issue a decision that includes factual findings and conclusions of law. Although this court agrees that the board's decision does not satisfy that requirement, section 908(9) does not provide for deemed approval when a board's decision lacks the required findings and conclusions.

As the township points out, this court's decision in *Appeal of Fiori,* 55 Pa.Commonwealth Ct. 59, 422 A.2d 1207 (1980), involved review of a governing body's disposition of a subdivision application under section 508 of the MPC. Of course, that section is not applicable to an application to remove or modify the terms of a variance.

The township relies upon *Gaster v. Township of Nether Providence,* 124 Pa.Commonwealth Ct. 595, 556 A.2d 947 (1989), in which this court concluded that section 908(9), unlike section 508, does not provide for deemed approvals when a zoning hearing board fails to supply factual findings and conclusions of law. Although the landowner is correct in pointing out that the zoning hearing board in *Gaster* ultimately handed down factual findings and conclusions of law, before the trial court reviewed the board's decision, and thus is distinguishable from this case, in which the board has never made any factual findings or revealed the legal basis of its decision, the MPC does not provide for deemed approval under the facts in this case.

The MPC requires boards to make findings of fact and conclusions of law; however, section 908(8) provides for deemed approval only when a board does not hand down a decision within the specific time period in the section. In this case, although the board's decision does not satisfy the MPC's requirements for the substance of a decision, the board issued its decision within the time allowed under the MPC.

█ Under section 1010 of the MPC, when a board does not make factual findings, the trial court may make the necessary findings of fact, even though it takes no additional evidence. When a trial court fails to make factual findings, the proper remedy is to remand the case to the trial court to either make the necessary factual findings or to remand to the board to make factual findings. *Allied Services for the Handicapped, Inc. v. Zoning Hearing Board of the City of Scranton*, 73 Pa.Commonwealth Ct. 558, 459 A.2d 60 (1983).

█ However, in *Hager v. Zoning Hearing Board of Manheim Township*, 23 Pa.Commonwealth Ct. 361, 352 A.2d 248 (1976), this court recognized that, when the record before the reviewing court clearly shows that there was no evidence before the board that would support the granting of a variance, a remand to the trial court or board is not necessary. In this case, the landowner's testimony and the proposed plan he submitted support the conclusion that the board and trial court erred in not granting the landowner's request. Hence, a remand is not necessary in this case.

### 3. Deed restrictions

The landowner, citing *Board of Commissioners of Lower Merion Township v. Haslett*, 69 Pa.Commonwealth Ct. 1, 450 A.2d 298 (1982), argues that deed restrictions alone may not serve as a basis to deny his request. In *Haslett*, this court held that a subdivision agreement between a landowner, prospective buyers, and the township, that required the recording of the agreement in the Recorder of Deeds office was not a "regulation" within the meaning of the township's zoning ordinance, and thus, could not form the basis, under section

508(2) of the MPC, to deny the landowner's request for subdivision approval at a later time.

The distinguishing factor between the *Haslett* case and this case is that here the board *required* the deed restrictions as a *condition* of its grant of the variance request. Under MPC section 910.2(b) a board may impose conditions that implement the purposes of the ordinance or MPC. The *Haslett* decision was not based on deed restrictions that implemented the grant of a variance or other township approval.

The landowner argues that the MPC requires reviewing governmental bodies to evaluate subdivision plans under the terms of the plan and not with regard to other factors. However, this case does not involve the landowner's submission of a subdivision plan under the subdivision ordinance. This proceeding involves his request for the removal of conditions placed on the board's approval of variance. Although the cases the landowner cites do support the argument that the zoning hearing board has no authority to impose restrictions on the subdivision of land, the landowner himself first sought approval from the board through the variance procedure in 1987, and did not appeal the imposition of the restrictions.

■ Nevertheless, because the landowner has established a change in circumstances that makes the 1987 deed restriction condition inappropriate, our conclusion is that the board and trial court erred in denying the landowner's request to remove the conditions it placed on the grant of the 1987 variance.

Accordingly, the decision of this court will be to reverse the trial court's affirmance of the zoning hearing board's refusal to remove the conditions, and to direct that the landowner can qualify for the removal of the conditions by achieving full compliance with the zoning ordinance requirements relating to frontage and other dimensions of Lots Nos. 1 and 2. Such compliance with the *zoning* ordinance can be accomplished in this situation only by obtaining permission, under the *subdivision* regulations to record a resubdivision plan reconfiguring Lots Nos. 1 and 2 as shown by Appendix B. Of course,

subdivision approval cannot be granted if the subdivision is barred by the zoning conditions. Therefore, there is a circular, renvoi-like relationship between zoning ordinance compliance and subdivision regulation compliance in this situation.

To achieve the approval of a resubdivision plan and permission to record it, the landowner must obtain from the governing body and the planning commission, or one of them, depending upon the terms of local subdivision regulation ordinance, the necessary approval.

Moreover, recording the new subdivision plan, to make it effective, will require the assent of any parties who are entitled to enforce the previously-mandated deed restrictions which are presumably recorded. Because counsel have not acquainted us with the wording and content of those restrictions, in the record or briefs, this court can only note that parties entitled to enforce the deed restrictions could be the present owner(s) of Lot No. 3, or the township itself, or both of them.

Therefore, in this case, the zoning case, our order will reverse as noted and then modify the decisions below so that the zoning variance conditions are removed, subject to a condition subsequent that the landowner, under the subdivision regulations, obtains approval of, and records a resubdivision plan which achieves compliance with respect to the zoning and subdivision requirements pertaining to the lots in the resubdivision plan.

## ORDER

NOW, October 28, 1992, the order of the Court of Common Pleas of Lancaster County, dated December 31, 1991, at No.

616–1991, is reversed with respect to its affirmance of the denial action of the Zoning Hearing Board of Caernarvon Township, and is modified to provide that the removal of the conditions attached to the variance in this case shall be subject to a condition subsequent, namely, that appellant, under the subdivision regulations of the township, shall obtain approval of, and shall record, a resubdivision plan which achieves compliance with respect to the zoning and subdivision requirements of the township ordinances, pertaining to Lots No. 1 and 2, the lots in the resubdivision plan.