# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Toll Bros., Inc. and Orleans   :
Homebuilders, Inc.,           :
              Appellants    :
                            :
           v.              :   No. 1395 C.D. 2016
                            :   Submitted: October 17, 2017
The Board of Supervisors of   :
Upper Uwchlan Township      :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                 **FILED: January 30, 2018**

Toll Bros., Inc. and Orleans Homebuilders, Inc. (Appellants) appeal from an order of the Court of Common Pleas of Chester County (Common Pleas), dated July 20, 2016. Common Pleas affirmed the decision of the Board of Supervisors of Upper Uwchlan Township (Board), dated March 16, 2015, denying Appellants' application (Application) to amend the Board's August 19, 2002 Conditional Use Order (2002 Order). For the reasons set forth below, we affirm Common Pleas' order.

The Board summarized the basic procedural and factual history relative to the 2002 Order as follows:[1]

> In the 2002 Order, the Board granted [Appellants] conditional use approval pursuant to Section 1410 of

---

[1] Appellants appear to agree with the Board's recitation of the basic facts and procedural history as those same facts appear in Appellants' brief to this Court.

[Upper Uwchlan] Township's [(Township)] Zoning Ordinance to subdivide and develop several parcels of property located in [the Township] between Fellowship Road and Byers Road referred to as the "Ewing Tract" and formerly identified as Chester County Tax Parcels Nos. 32-4-18, 32-4-19, 32-2-29, and 32-4-33.2 [(Property)]. [Appellants] received approval to subdivide and develop the Property with 254 new dwelling units, consisting of a mix of single family detached dwellings and single family attached dwellings as part of a uniform planned community known as "Byers Station." The residential development [that] was approved in the 2002 Order is one phase of a larger Byers Station master development[,] which includes over 1,000 dwellings of varying types, open space, and community amenities and covers property in both [the Township] and West Vincent Township[].

The plans that were approved by the Board in the 2002 Order proposed an access road[,] which would provide access to the development from Eagle Farms Road via an internal road which was identified on the plans as "[Street] K." Consistent with the plans that were presented at the 2001-2002 conditional use hearings, the Board imposed Condition 12.1.2[,] which required [Appellants] to "construct a continuous road system within the development via Eagle Farms Road and Street K to serve both West Vincent Township and [the Township] portions of the development, in accordance with an approved construction-phasing plan." Street K, as referred to in the 2002 Order, has been partially constructed and is known as Sunderland Avenue East.

[Appellants] now seek approval to amend the 2002 Order by eliminating Condition 12.1.2 and the requirement to construct the remaining portion of Sunderland Avenue East until its connection to Eagle Farms Road [(Road Connection)].

(Reproduced Record (R.R.) at 354a-55a; Board's Decision dated March 16, 2015, at 1-2.) In addition to Condition 12.1.2, the 2002 Order also imposed Condition 12.1.8, which provides:

2

> The road system and access within [the Township] will support the traffic generated by the portion of the development in [the Township] alone if there is no connection to [the] West Vincent Township portion of the development. Therefore, this [c]onditional [u]se [o]rder gives approval only to the road system within [the Township].

(R.R. at 46a.)

Based upon an analysis of actual traffic conditions, Appellants filed an Amended Final Land Development Plan with West Vincent Township, the municipality in which the Road Connection would be located, proposing the elimination of the Road Connection. On October 28, 2013, the Board of Supervisors of West Vincent Township approved the Amended Final Land Development Plan and the elimination of the Road Connection. Subsequent thereto, in August 2014, Appellants obtained a traffic assessment "to evaluate the operations of the surrounding intersections within [the Township] with and without the [Road Connection] between Sunderland Avenue [East] and Eagle Farms Road." (*Id.* at 173a.) Thereafter, on October 17, 2014, Appellants filed their Application with the Board, seeking to amend the 2002 Order to eliminate the requirement contained in Condition 12.1.2 that Appellants construct a continuous road system via Eagle Farms Road and Sunderland Avenue East to serve both the Township and West Vincent Township sections of Byers Station. The Board conducted a public hearing on Appellants' Application on January 6, 2015.

At the hearing, Appellants presented the testimony of Michael A. Downs, Vice President of Land Development for Toll Bros., Inc. (*Id.* at 228a.) Mr. Downs testified that West Vincent Township approved the final plan for the construction of Phase 2 of Byers Station, which included several amendments, including the elimination of the Road Connection. (*Id.* at 213a.) Mr. Downs

3

explained that Appellants proposed to eliminate the Road Connection because they believed that there would be no issues with traffic and that there would be a benefit from an environmental standpoint—*i.e.*, the elimination of any disturbance to wetlands, floodplains, and U.S. waters. (*Id.* at 232a-33a.) Nevertheless, Mr. Downs admitted that the environmental features of the property upon and around which the Road Connection would be located are the same as they were when the Board issued the 2002 Order. (*Id.* at 235a.) Mr. Downs also admitted that Appellants would save an estimated $730,000 if the Road Connection was eliminated. (*Id.* at 233a.)

Appellants also presented the testimony of Mark M. Thompson, a Pennsylvania licensed professional engineer and Project Manager with Taylor, Wiseman and Taylor, the individual who is the civil engineer responsible for the project. (*Id.* at 241a-42a.) Mr. Thompson testified that if constructed, the Road Connection will cross over a tributary to Pickering Creek. (*Id.* at 244a.) Mr. Thompson explained that by eliminating the Road Connection, Appellants would preserve almost an acre of woods and eliminate 2,500 square feet of wetland disturbance, 29,000 square feet of wetland buffer disturbance, 10,000 square feet of steep slopes disturbance, and over an acre of floodplain disturbance. (*Id.*) Mr. Thompson explained further that the elimination of the Road Connection would also avoid approximately three quarters of an acre of impervious surface coverage, possibly the need for a proposed detention basin to address storm water runoff from the impervious surfaces, and the need for the tributary to be channelized. (*Id.* at 244a-46a.) As a result, Mr. Thompson concluded that the elimination of the Road Connection was not injurious to the public interest. (*Id.* at 246a.) Mr. Thompson also indicated that Appellants no longer have the necessary approvals and permits to construct the Road Connection within West Vincent Township.

4

(*Id.* at 247a.)  In addition, when questioned about what may have changed since the Board issued the 2002 Order to make Appellants concerned about the Road Connection's impact on the environment, Mr. Thompson admitted that the potential environmental impacts have not changed.  (*Id.* at 250a.)

Appellants also presented the testimony of Guido W. DiMartino, a Pennsylvania licensed professional engineer and Project Manager with Traffic Planning and Design, Inc., the individual who is the traffic engineer responsible for the project.  (*Id.* at 272a-73a.)  Mr. DiMartino performed a traffic assessment in connection with Appellants' Application.  (*Id.* at 273a.)  The traffic assessment evaluated two intersections located within the Township:  the intersection of Sunderland Avenue East and Station Boulevard and the intersection of Station Boulevard and Graphite Mine Road.  (*Id.* at 273a-74a.)  Mr. DiMartino explained that the assessment focused on capacity, not whether the elimination of the Road Connection would create problems for emergency services and/or evacuation in the event of an incident at the Limerick power plant.  (*Id.* at 304a-05a.)  Mr. DiMartino also explained that the assessment determined that both of the studied intersections would operate at almost identical levels of service with and without the Road Connection.  (*Id.* at 274a-76a, 305a.)  Mr. DiMartino stated that from a traffic perspective a lot has changed since the Board issued the 2002 Order; in fact, the last traffic study for Byers Station was performed in 2001, when the roadway network did not exist.  (*Id.* at 277a-78a.)  Mr. DiMartino stated further that his more recent traffic assessment focused on current traffic conditions, which could not really be evaluated in 2001 because the roadway network within Byers Station did not exist as it does today.  (*Id.* at 278a.)  Overall, Mr. DiMartino concluded that the Road Connection was no longer necessary for Byers Station to function in a safe and

5

efficient manner with acceptable levels of service and that from a traffic capacity perspective, the elimination of the Road Connection would not be injurious to the public welfare. (*Id.* at 278a-79a.)

At the January 6, 2015 hearing, the Board submitted into evidence a November 7, 2014 traffic analysis performed by Christopher J. Williams, P.E., of McMahon Transportation Engineers & Planners, the Township's traffic engineer. The purpose of the traffic analysis was "to determine the impact to traffic conditions within [the] Township without the [Road Connection] and with only the Station Boulevard connection to Eagle Farms Road." (*Id.* at 61a.) The traffic analysis studied the same intersections evaluated by Mr. DiMartino: the intersection of Sunderland Avenue East and Station Boulevard and the intersection of Station Boulevard and Graphite Mine Road. (*Id.* at 61a-62a.) Mr. Williams concluded that "[i]n the future, even with added traffic growth, and with minor signal timing adjustments, . . . the subject study intersections [will] operate nearly the same as they do today, with acceptable levels of service[,]" both with and without the Road Connection. (*Id.* at 64a.) Mr. Williams noted, however, that without the Road Connection, "a major portion of Byers Station is served by only one access road, which is fine for normal day-to-day traffic operations[,] . . . but for emergency access purposes, it is desirable to provide a second point of access." (*Id.* at 65a.) Mr. Williams noted further that an emergency access point is provided through an adjacent neighborhood and if there is "only one road access to the subject portion of Byers Station, it is very important that this emergency access connection remain functional in perpetuity." (*Id.*) Mr. Williams also made a number of recommendations in the event that the Road Connection was eliminated—*e.g.*, continued monitoring of traffic operations at key intersections and a monetary

6

contribution from Appellants so that the Township can maintain and possibly replace the emergency access connection through the adjacent neighborhood.[2] (*Id.* at 65a-66a.)

The Board conducted a second public hearing on Appellants' Application on January 20, 2015. At that time, the Board heard testimony from Jeffrey Smith, in his individual capacity, Richard Ridall, as representative of the Courts of Byers Station Homeowners Association, and Lee Stevens, as representative of the Byers Station Homeowners Association, all of whom had been granted party status by the Board. The Board also heard statements from members of the public. The testimony and comments related to, *inter alia*, traffic-related concerns about the elimination of the Road Connection, the fact that the elimination of the Road Connection benefits Appellants and not the individuals residing in Byers Station, and the fact that individuals who purchased homes in Byers Station received marketing materials indicating that the Road Connection would be built.

On March 16, 2015, the Board rendered its decision, denying Appellants' Application.[3] In so doing, the Board concluded that Appellants failed to demonstrate "a substantial change in circumstances [that] has occurred since the Board rendered the 2002 Order [that] would justify the elimination of Condition 12.1.2 of the 2002 Order" and "that the elimination of Condition 12.1.2 of the 2002 Order would not be detrimental to the public interest." (*Id.* at 365a; Board's Decision dated March 16, 2015, at 12.) Appellants appealed the Board's

---

[2] Mr. DiMartino indicated that he and Appellants concur with the recommendations made by Mr. Williams in his November 7, 2014 traffic analysis. (R.R. at 277a.)

[3] The Board held a public meeting on March 16, 2015, at which time the Board voted on Appellants' Application. On that same date, the Board issued its written decision.

7

decision to Common Pleas. On July 20, 2016, Common Pleas issued an order, denying Appellants' appeal. Appellants then appealed to this Court.

On appeal,[4] Appellants argue: (1) Common Pleas committed an error of law and/or abused its discretion by affirming the Board's decision because the Board's decision effectively voids the Amended Final Land Development Plan approved by West Vincent Township and contradicts the stated limitations set forth in Condition 12.1.8 of the 2002 Order; (2) the Board committed an error of law and/or abused its discretion because its conclusion that Appellants failed to demonstrate a change in circumstances to justify the elimination of Condition 12.1.2 of the 2002 Order is not supported by substantial evidence; (3) the Board committed an error of law and/or abused its discretion because its conclusion that Appellants failed to demonstrate that the elimination of Condition 12.1.2 of the 2002 Order would not harm the public interest is not supported by substantial evidence; and (4) the Board committed an error of law and/or abused its discretion by relying on mere speculation and opinion rather than the unrebutted expert opinions to conclude that Appellants failed to demonstrate a change in circumstances and no harm to the public interest.

First, we address Appellants' argument that Common Pleas committed an error of law and/or abused its discretion by affirming the Board's decision, because the Board's decision effectively voids the Amended Final Land Development Plan approved by West Vincent Township and contradicts the stated

---

[4] "Where a trial court takes no additional evidence in an appeal from a decision of the Board, this Court is limited to considering whether the Board erred as a matter of law or abused its discretion." *German v. Zoning Bd. of Adjustment*, 41 A.3d 947, 949 n.1 (Pa. Cmwlth. 2012). The Board "abuses its discretion if its findings are not supported by substantial evidence." *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222, 1226 n.9 (Pa. Cmwlth.), *appeal denied*, 934 A.2d 75 (Pa. 2007).

8

limitations set forth in Condition 12.1.8 of the 2002 Order. More specifically, Appellants argue that West Vincent Township—"the municipality whose residents would be impacted by the elimination of the [Road Connection]"—"determined that there would be no adverse impact to the public interest resulting from the elimination of the [Road Connection] by way of approval of Appellants' Amended Final Land Development Plan." (Appellants' Br. at 19.) Appellants argue further that by including Condition 12.1.8 in the 2002 Order, the Township acknowledged the limits of its jurisdiction—*i.e.*, that it lacks jurisdiction to require the construction of a road in a neighboring municipality—and determined that the road network within the Township is sufficient without the Road Connection.

In response, the Board argues that "the Road Connection was part of a larger master land development plan by [Appellants] which [the Township] indisputably had authority over and which may not have been approved without the full construction of the Road Connection." (Board's Br. at 16.) The Board argues further that Appellants made the decision to submit the master plan for the development of Byers Station in both the Township and West Vincent Township as part of the hearings that resulted in the Board's 2002 Order. The Board also argues that Appellants chose to connect the portions of Byers Station located in the Township to the portions of Byers Station located in West Vincent Township via the Road Connection and, had they not done so, the Board may have required Appellants to redesign the portions of Byers Station located within the Township. Lastly, the Board argues that "Condition 12.1.2 is clear on its face[,] and Condition 12.1.8 contemplates a scenario where the plan is designed with no connection from [the Township] to West Vincent [Township] and contemplates

9

roadways 'to support the traffic generated by the portion of [Byers Station] in [the Township] alone.'" (Board's Br. at 18-19.)

Condition 12.1.2 of the 2002 Order specifically requires Appellants to construct the Road Connection to connect the portions of Byers Station located in the Township to the portions of Byers Station located in West Vincent Township. Appellants attempt to evade this requirement by arguing that the Township lacked jurisdiction to require the construction of a road outside its municipal boundaries and that the Township acknowledged the limits of its jurisdiction by including Condition 12.1.8 in the 2002 Order. Appellants fail to acknowledge, however, that Condition 12.1.8 only applied to permit construction within the Township in the event that West Vincent Township did not approve the portions of Byers Station located within its boundaries or if there was no connection between the portions of Byers Station located in the Township to the portions of Byers Station located in West Vincent Township. In other words, the Township's determination that the road network within the Township was sufficient to support the construction of Byers Station without the Road Connection only applied if there was no connection between the portions of Byers Station located in the Township to the portions of Byers Station located in West Vincent Township. Because West Vincent Township approved the portions of Byers Station located within its boundaries and the portions of Byers Station located in the Township are already connected to the portions of Byers Station located in West Vincent Township by Sunderland Avenue East and Station Boulevard, Condition 12.1.8 no longer applies. Thus, Appellants cannot utilize Condition 12.1.8 as a means to evade the requirement of Condition 12.1.2 to construct the Road Connection.

10

Moreover, the Township's residents will be directly impacted by the elimination of the Road Connection—*e.g.*, traffic within the Township will be impacted because, without the Road Connection, the forty carriage homes that are proposed to be built in West Vincent Township will only be accessible from Sunderland Avenue East in the Township and there will be no connection between the eastern portions of Byers Station located in the Township and the eastern portions of Byers Station located in West Vincent Township. While we acknowledge that the Township and/or the Board cannot specifically mandate the construction of a road within the boundaries of a neighboring municipality, the Township and/or the Board are not without remedy. As Common Pleas noted, "the [Township and/or] Board may have additional enforcement and/or injunctive remedies available to it pursuant to the [Pennsylvania] Municipalities Planning Code[5] and [C]ondition 12.1.7[6] of [the] 2002 Order." (*See* R.R. at 414a; Common Pleas' Order dated July 20, 2016, at 3.) For these reasons, we must conclude that Common Pleas did not commit an error of law and/or abuse its discretion by affirming the Board's decision.

Next, we address Appellants' argument that the Board committed an error of law and/or abused its discretion because its conclusion that Appellants failed to demonstrate a change in circumstances to justify the elimination of

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[6] Condition 12.1.7 of the 2002 Order provides:

If the internal road system construction phasing plan is not acceptable to [the] Township as part of the preliminary/final subdivision and land development review process, then [the Township] may require a revised traffic impact study, with the understanding that any revised road system and the conditional use approval shall be subject to review by [the] Township. If the continuous internal road system is not provided to the satisfaction of [the] Township, then [the] Township may not permit connection to the West Vincent Township portion of [Byers Station].

11

Condition 12.1.2 of the 2002 Order is not supported by substantial evidence. More specifically, Appellants argue that their "expert testimony as well as the unrebutted evidence of the Township's own consultant" demonstrated that "the actual traffic volume and road conditions observed thirteen years after [the] imposition of Condition 12.1.2 evidence a distinct change of circumstances," and, therefore, Condition 12.1.2 and the Road Connection are no longer necessary. (Appellants' Br. at 21-22.) Appellants argue further that the Board's decision is not supported by substantial evidence because "[t]he Board failed to give due weight and consideration" to this expert testimony. (Appellants' Br. at 22.) In response, the Board argues that Appellants have failed to demonstrate any actual changed conditions in traffic or that the "construction of the Road Connection is no longer beneficial or, due to some changed conditions, is now detrimental or inappropriate from a traffic standpoint." (Board's Br. at 12-13.) The Board argues further that economics—*i.e.*, the $730,000 that Appellants will save if they are not required to construct the Road Connection—not changed traffic conditions, is the motivation behind Appellants' request to remove Condition 12.1.2 of the 2002 Order.

In *Ford v. Zoning Hearing Board of Caernarvon Township*, 616 A.2d 1089 (Pa. Cmwlth. 1992), this Court considered a property owner's request to remove certain conditions—*i.e.*, deed restrictions preventing further subdivision of a tract of land—that a zoning hearing board had attached to its grant of a variance. *Ford*, 616 A.2d at 1090. The alleged change in circumstances was a proposal by the property owner to re-subdivide his land in such a manner that the newly subdivided lots would satisfy all of the dimensional criteria of the zoning ordinance. *Id.* In analyzing whether the property owner was entitled to relief from a condition imposed by the zoning hearing board, this Court stated:

12

"An owner [that] wishes to obtain a modification of a condition [that] has become final can obtain relief if he establishes:

(1) Either grounds for a traditional variance (*Saber* [*v. Zoning Hearing Board of the Borough of Roaring Springs*, 526 A.2d 464 (Pa. Cmwlth. 1987)]) or changed circumstances which render the condition inappropriate (*Amoco* [*Oil Company v. Zoning Hearing Board of Middletown Township*, 463 A.2d 103 (Pa. Cmwlth. 1983)]); and

(2) Absence of injury to the public interest."

*Id.* at 1092 (quoting 2 Robert S. Ryan, Pennsylvania Zoning Law and Practice, § 9.4.20). In applying this approach, this Court concluded that the property owner demonstrated a clear change in circumstances by virtue of the proposed re-subdivision, which would result in compliance with the ordinance. *Id.* This Court further opined that the change in circumstances rendered the original deed restrictions inappropriate, because the newly created lots would conform to all ordinance requirements and the removal of the restrictions would not result in any harm to the public. *Id.*

In this case, Appellants have failed to identify any change in circumstances that would justify the elimination of Condition 12.1.2 of the 2002 Order.[7] While Mr. DiMartino, Appellants' traffic expert, testified that from a traffic perspective a lot has changed since the Board issued the 2002 Order—*i.e.*, the roadway network within Byers Station did not exist at the time that the Board issued the 2002 Order—Mr. DiMartino did not testify regarding any specific

---

[7] Based on the arguments set forth in their brief, it appears that in their appeal to this Court, Appellants have abandoned their argument that the avoidance of environmental disturbances constitutes a change in circumstances that would support the elimination of Condition 12.1.2 of the 2002 Order. As such, we will only address the issue of whether the current traffic patterns constitute a change in circumstances.

13

changes between the traffic that was anticipated in 2002 and the current and future traffic conditions. Rather, Mr. DiMartino simply concluded that based upon his most recent traffic assessment, the Road Connection is no longer necessary for Byers Station to function in a safe and efficient manner with acceptable levels of service. Just because actual traffic conditions can now be evaluated, rather than predicted, does not mean that there has been a change in circumstances that renders Condition 12.1.2 inappropriate or no longer necessary. In addition, Mr. DiMartino readily admitted that his traffic assessment did not take into consideration whether the elimination of the Road Connection would create problems for emergency services and/or evacuation in the event of an incident at the Limerick power plant. Mr. Williams, the Township's traffic engineer, on the other hand, noted that without the Road Connection, "a major portion of Byers Station is served by only one access road, which is fine for normal day-to-day traffic operations[,] . . . but for emergency access purposes, it is desirable to provide a second point of access." (R.R. at 65a.) Although Mr. Williams has identified an emergency access point through an adjacent neighborhood, Appellants did not produce any evidence to establish whether this alternative emergency access was considered at the time that the Board issued the 2002 Order. For these reasons, we must conclude that the Board's conclusion that Appellants failed to demonstrate a change in circumstances to justify the elimination of Condition 12.1.2 of the 2002 Order is supported by substantial evidence, and, therefore, the Board did not commit an error of law and/or abuse its discretion.

Lastly, we address Appellants' argument that the Board committed an error of law and/or abused its discretion because its conclusion that Appellants failed to demonstrate that the elimination of Condition 12.1.2 of the 2002 Order would not

14

harm the public interest is not supported by substantial evidence.[8] More specifically, Appellants argue that the Board's conclusion that the elimination of the Road Connection "would be detrimental to the public interest is in direct contradiction to the Board's finding in Condition 12.1.8 of the 2002 Order" and, therefore, is not supported by substantial evidence. (Appellants' Br. at 22-23.) In response, the Board argues that "the Board properly found that without the Road Connection, a major portion of [Byers Station] is served by only one access road which is not desirable or safe and [sic] emergency situation." (Board's Br. at 21.)

As explained more fully above, Condition 12.1.8 no longer applies because West Vincent Township did approve the portions of Byers Station located within its boundaries and there is already a connection between the portions of Byers Station located in the Township and the portions of Byers Station located in West Vincent Township. Thus, the Board's decision that Appellants failed to demonstrate that the elimination of the Road Connection would not be detrimental to the public interest is not contradicted by Condition 12.1.8 of the 2002 Order. Simply put, one has absolutely nothing to do with the other. In addition, the Board concluded that it "believes that the construction of the Road Connection is necessary as an alternative means of ingress and egress to the Courts at Byers Station, the single family dwellings built on Ferncroft Lane and Kingsley Court[,] and to the [forty] carriage homes to be built in West Vincent" Township. (R.R. at 368a; Board's Decision dated March 16, 2015, at 15.) For these reasons, we must conclude that the Board's

---

[8] Appellants' final argument—*i.e.*, that the Board committed an error of law and/or abused its discretion by relying on mere speculation and opinion rather than the unrebutted expert opinions to conclude that Appellants failed to demonstrate a change in circumstances and no harm to the public interest—is essentially an extension of their arguments that the Board's conclusions are not supported by substantial evidence. As a result, we will not address such argument separately in this Opinion.

conclusion that Appellants failed to demonstrate that the elimination of Condition 12.1.2 of the 2002 Order would not harm the public interest is supported by substantial evidence, and, therefore, the Board did not commit an error of law and/or abuse its discretion.

Accordingly, we affirm Common Pleas' order.

_____
P. KEVIN BROBSON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Toll Bros., Inc. and Orleans  :
Homebuilders, Inc.,  :
     Appellants  :
       :
   v.   : No. 1395 C.D. 2016
       :
The Board of Supervisors of :
Upper Uwchlan Township  :

# **O R D E R**

AND NOW, this 30th day of January, 2018, the order of the Court of Common Pleas of Chester County is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge