618

628 A.2d 1182

**Clinton D. and Freda ZIMMERMAN and
John and Shirley Terry, Appellants,**

**v.**

**The ZONING BOARD OF ADJUSTMENT OF the CITY
OF PHILADELPHIA and the City of Philadelphia
and Thackeray Estates Associates, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1993.

Decided July 8, 1993.

Stanley R. Krakower, for appellants.

Christopher I. McCabe, Asst. City Sol., for appellees.

Before PALLADINO and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Clinton D. and Freda Zimmerman, and John and Shirley Terry (collectively, Appellants) appeal from the order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) granting Thackeray Estates Associates (Thackeray) a variance from a street frontage requirement of the Philadelphia Code (Code). The issues raised on appeal are whether the Board improperly applied the rule of de minimis variance to grant a variance where the proposed street in the approved preliminary plat for subdivision meets all dimensional and design specifications of the Code, but is not considered a street under the zoning provisions due to lack of authorization by the City Council to place it upon the City Plan; and whether Thackeray established its entitlement to a variance.

Thackeray owns a 2.76–acre lot located at 1066 Welsh Road in Philadelphia. The lot is rectangular in shape and fronts on the east on Welsh Road, a public street running north and south, for a distance of approximately 260 feet. It then extends in a westerly direction approximately 430 feet. The lot was located in an R–2 residential district where detached single-family dwellings are among the permitted uses.[1] Thackeray submitted a revised preliminary plat to the Philadelphia City Planning Commission proposing to subdivide the lot into six lots and construct six detached single-family dwellings with attached two-car garages on the subdivided lots to be laid out along a cul-de-sac extending approximately 300 feet in a westerly direction from Welsh Road. Thackeray pro-

---

1. As a result of the subsequent rezoning, the lot is now zoned R–1 residential.

posed to build the cul-de-sac at its own expenses according to City specifications and to turn it over to the City for maintenance. All sanitary sewer, storm sewer and water pipes to be designed to the City specifications will be placed under the proposed cul-de-sac.

On January 16, 1990, the Planning Commission approved the revised preliminary plat and advised Thackeray to discuss with the City Departments of Streets and Water drafting of necessary ordinances to place the proposed cul-de-sac upon the City Plan. Thereafter, on January 25, 1990, Thackeray filed with the Department of Licenses and Inspections an application for zoning permit and/or use registration permit which was denied on the ground that the proposed Lots Nos. 2–5 would become interior lots having no street frontage in violation of Section 14–231(5)(a) of the Code which provides in pertinent part that "[a]ny lot upon which a single family or duplex dwelling is erected . . . shall have a street frontage not less than two-thirds of the minimum lot width required for the district."

Section 14–102(52) of the Code defines a street as "[a] strip of land, including the entire right-of-way, *confirmed upon the City Plan,* intended for use as a means of vehicular and/or pedestrian traffic. . . ." (Emphasis added.) To place a proposed street upon the City Plan, an owner must obtain the City Council's authorization in the form of special ordinances, after which the bed of the street must be dedicated to the City, free and clear of all encumbrances, within the certain time period. Section 11–401. When the proposed cul-de-sac is placed upon the City Plan, the four lots in question will have sufficient street frontage as required by Section 14–231(5)(a). However, until the proposed cul-de-sac is confirmed upon the City Plan, only Lots 1 and 6 which front on the existing public street, Welsh Road, are considered to meet the street frontage requirement of the zoning provisions. Thackeray appealed from the denial of a permit to the Board requesting a variance from the street frontage requirement.

The Board found, inter alia, that the lots meet all other zoning requirements, including front, rear and sideyard re-

quirements, and that if the City departments approve the submitted proposal to construct a thirty-foot wide cul-de-sac with ten-foot sidewalks on each side, it will provide adequate street frontage requirement. The Board concluded that the requested variance is "dimensional" in nature and therefore may be granted under the rule of de minimis variance without showing a traditional hardship. *In re Application of Burroughs Corp.*, 54 Pa.Commonwealth Ct. 514, 422 A.2d 1183 (1980). The Board granted Thackeray a variance, finding the proposed deviation from the street frontage requirement minimal.

■ In granting a variance, however, the Board imposed conditions as agreed upon between Thackeray and the Upper Bustleton Zoning Committee, a group consisting of owners of the adjacent property. Among the conditions are that the proposed cul-de-sac meet all specifications and requirements of the City and be dedicated to the City for maintenance and that the proposed homes meet or exceed standards for R–1 residential districts beyond those required in R–2 residential districts. Appellants, owners of the adjacent property, appealed to the trial court which affirmed the Board's decision.[2]

■ Initially, Appellants argue that a grant of variance is not necessary since Thackeray can subdivide the parcel into five lots all having frontage on Welsh Road. However, such subdivision would create five irregular narrow lots with a length of more than 430 feet and require five curb cuts from Welsh Road into those lots. The definition of subdivision under Section 14–2102(1)(a)(.1) of the Code includes "division of a parcel of land having frontage on an existing improved street into 3 or more lots, one or more of which have frontage on the existing street," which is exactly what Thackeray proposes in its plan. Further, a street is defined for the purpose of subdivision controls as "the entire right-of-way

2. This Court's scope of review in zoning cases where, as here, the trial court did not take additional evidence, is limited to determining whether the Board committed an error of law or an abuse of discretion. *Isaacs v. Wilkes–Barre City Zoning Hearing Board*, 148 Pa.Commonwealth Ct. 578, 612 A.2d 559 (1992).

whether dedicated or not." Section 14–2102(1)(s). A street may be constructed, opened and dedicated for public use when a subdivision plan has been approved. Section 14–2103(1). It is undisputed that Thackeray's proposed cul-de-sac meets all technical requirements of the subdivision regulations, including the street design specifications. Since Thackeray has a right to lay out a new street complying with the Code requirements, it is irrelevant whether an alternative subdivision plan was available. *Tobin v. Radnor Township Board of Commissioners,* 142 Pa.Commonwealth Ct. 567, 597 A.2d 1258 (1991).

■ Next, Appellants contend that the Board improperly applied the rule of de minimis variance because the proposed deviation from the street frontage requirement is not dimensional in nature and because the four lots' total lack of street frontage cannot be considered minimal deviations from the requirement. The rule of de minimis variance is applicable only in limited situations where the proposed minor deviations from the zoning requirements are dimensional and the insistence on rigid compliance is not absolutely necessary to preserve the public policy sought to be obtained. *East Allegheny Community Council v. Zoning Board of Adjustment of City of Pittsburgh,* 128 Pa.Commonwealth Ct. 391, 563 A.2d 945 (1989). Thus, this Court has applied the general variance criteria to determine entitlement to a variance where a lot lacks the required street frontage. *See Brough v. Heidelberg Township Board of Supervisors,* 123 Pa.Commonwealth Ct. 212, 554 A.2d 133 (1989); *Seip v. Millcreek Township Supervisors,* 118 Pa.Commonwealth Ct. 146, 544 A.2d 1091 (1988), *appeal denied,* 520 Pa. 622, 554 A.2d 513 (1989).

■ In the matter sub judice, the proposed cul-de-sac meets the dimensional specifications of the Code and the plan's only noncompliance with the street frontage requirement is lack of the cul-de-sac's confirmation upon the City Plan. Therefore, the proposed deviations cannot be characterized as dimensional, and the Board incorrectly relied upon the rule of de minimis variance in granting a variance. Nonetheless, the Board's decision must be affirmed since its findings

and the record support Thackeray's entitlement to a variance under the Code.[3]

■ Section 14–1802(1)(a), (b) of the Code requires an applicant for a variance to establish, inter alia, an unnecessary hardship due to unique physical or topographical conditions of the land.[4] Review of the record demonstrates that Thackeray met this burden. Assuming, for the purpose of deciding Thackeray's entitlement to a variance, that his offer to dedicate the proposed cul-de-sac for public use will be refused by the City for reasons other than failure to comply with requirements of the Code, the effect of such refusal will result in a lack of public road access to the subdivided lots, thereby denying Thackeray's right to use its property for the purpose of a permitted use.[5]

■ A completely landlocked property with no public street frontage exhibits a physical feature which can establish unnec-

3. This Court may affirm a correct decision of the Board even where its reasons for the decision are erroneous. *Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988). Further, where the proposed plan and the evidence submitted at the hearing support the grant of a variance, remand is not necessary for further findings. *Ford v. Zoning Hearing Board of Caernarvon Township,* 151 Pa.Commonwealth Ct. 323, 616 A.2d 1089 (1992).

4. The Board found that Thackeray met other criteria required by Section 14–1802(1) of the Code to establish its entitlement to a variance: the grant of variance will not increase congestion in the immediate area, affect the public safety, create undue concentration of population, or adversely affect the comprehensive plan, and will be in harmony with the spirit and purpose of the Code. On appeal, Appellants do not challenge these findings.

5. At the hearing before the Board, the representative of Councilman Brian O'Neill, of the councilmanic district where the property is located, testified that Councilman O'Neill would introduce ordinances to the City Council to dedicate the proposed cul-de-sac as a public street. Appellants argue that Thackeray could not make an assurance that the City Council will ever accept the proposed cul-de-sac as a public street and that in any event the grant of variance was improper because when and if it is so accepted, the grant of variance will become meaningless. As Appellants contend, the procedures taken by Thackeray in seeking a permit before completing the subdivision process may have been unusual. However, the Board's decision should be affirmed because the undisputed facts establish Thackeray's entitlement to a variance even if the City refuses to dedicate the proposed street as a public street.

essary hardship. *Malakoff v. Board of Adjustment of City of Pittsburgh,* 72 Pa.Commonwealth Ct. 109, 456 A.2d 1110 (1983). Under such circumstances, the owner is entitled to a variance under the holding of *Pfile v. Borough of Speers,* 7 Pa.Commonwealth Ct. 226, 298 A.2d 598 (1972), wherein this Court stated that:

> The effect of ... the Borough's refusal to open [the proposed street] so that the property might possibly be used for one of the permitted uses ... is to isolate the tract and render it quite useless unless a variance is granted to permit a more realistic use of the property.

*Id.* at 234–35, 298 A.2d at 603. *See also Colligan Zoning Case,* 401 Pa. 125, 162 A.2d 652 (1960), where the Pennsylvania Supreme Court held that an interpretation of the ordinance requiring frontage on a public street would be unconstitutional unless a variance were granted—the lots in question fronted an unopened street which had been dedicated but later vacated by the Borough.

 The obvious purposes of a zoning ordinance requiring lots to have street frontage are to protect the public by insuring access of fire, police and emergency vehicles to the property, and to provide suitable and reliable access routes to and from the property. *Colligan; Glennon v. Zoning Hearing Board of Lower Milford Township,* 108 Pa.Commonwealth Ct. 371, 529 A.2d 1171 (1987). In the matter sub judice, no injury to the public will result because the proposed street will have adequate street frontage as required by Section 14–231(5)(a). Since the proposed street, when constructed in compliance with City specifications, will serve the purposes of the street frontage requirement, Thackeray is entitled to a variance under *Colligan* and *Pfile.*

Nonetheless, Appellants argue, in relying on *Glennon,* that the grant of variance was improper because the hardship resulting from lack of the street frontage was self-inflicted when Thackeray proposed to subdivide the parcel into smaller lots. In *Glennon,* this Court affirmed the denial of variance from the requirement of frontage on a public or approved private street because the owner's hardship was self-inflicted

when she purchased the lot at the tax sale and partitioned off a larger parcel without providing the required street frontage. This Court noted, however, that the owner could simply make improvements of the existing private street pursuant to the township's specifications to bring it to an approved private street status.

Unlike *Glennon,* the proposed cul-de-sac meets the specifications of a new street set forth in the subdivision and zoning regulations and will be offered for dedication as a public street. If the City refuses to accept Thackeray's offer to dedicate it despite compliance with the Code's requirements, the hardship from lack of frontage on a street will be the result of the City's action which is beyond Thackeray's control, and not of Thackeray's creation. Accordingly, the trial court is affirmed.

## ORDER

AND NOW, this 8th day of July, 1993, the order of the Court of Common Pleas of Philadelphia County dated September 20, 1991 is affirmed.