MONTEMURO, J., is sitting by designation.

**Clinton D. and Freda ZIMMERMAN, h/w, and John and Shirley Terry, h/w, Appellants,**

**v.**

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PHILADELPHIA and the City of Philadelphia and Thackeray Estates Associates, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1994.
Decided Feb. 16, 1995.

---

7. Section 3925 of the Crimes Code, 18 Pa.C.S. § 3925 provides:
   § 3925. Receiving stolen property
   (a) Offense defined.—A person is guilty of theft is he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

(b) Definition.—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

8. Because of our disposition of these convictions, it is unnecessary for us to address the merits of Appellant's additional arguments.

Stanley R. Krakower, Philadelphia, for Zimmerman & Terry.

Joseph Taylor, Cheryl Gaston, Philadelphia, for City of Philadelphia.

Donald M. Moser, Philadelphia, for Thackeray Estates.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

Appellants appeal from the Order of the Commonwealth Court, 156 Pa.Cmwlth. 618, 628 A.2d 1182 affirming the Order of the Court of Common Pleas of Philadelphia County, which denied Appellant's appeal of an Order of the Zoning Board of Adjustment of the City of Philadelphia (Zoning Board) granting a variance to Appellee Thackeray Estate Associates (Thackeray). For the reasons discussed below, we find that the Commonwealth Court erred in finding that Thackeray was entitled to a variance and reverse.

Thackeray is a real estate developer which owns a 2.76 acre lot at 1066 Welsh Road in Philadelphia. The lot is rectangular in shape and fronts in the east by Welsh Road for approximately 260 feet. It extends in a westerly direction for approximately 430 feet. The lot is located in a residential district zoned for detached single family dwellings. In 1990, Thackeray submitted a proposed subdivision plan to the Philadelphia City Planning Commission in which Thackeray would subdivide the lot into six lots by constructing a street ending in a cul-de-sac which would run perpendicular to Welsh Road. A detached single family dwelling would be built on each of the six lots, with proposed lots numbers 2, 3, 4 and 5 being interior lots facing only the cul-de-sac.

The Philadelphia Code requires that all single family dwelling lots have a minimum street frontage of two-thirds the minimum lot width. Code § 14–231(5)(a). The Code further defines a street as "[a] strip of land, including the entire right-of-way, confirmed upon the City plan, intended for use as a

means of vehicular and/or pedestrian traffic. . . ." Code § 14–102(52). To be confirmed upon the City plan, an owner must obtain the City Council's approval and the street must be dedicated to the City. If and when the proposed cul-de-sac is placed upon the City Plan, lots 2–5 will have sufficient street frontage as required by Code § 14–231(5)(a); however, until that time only lots 1 and 6 meet the minimum street frontage requirements.

Thackeray's plan was approved by the City Planning Commission, and Thackeray was advised to discuss with the City Departments of Streets and Water the drafting of necessary ordinances to place the proposed cul-de-sac upon the City Plan. Thackeray subsequently filed an application with the Department of Licenses and Inspections for zoning permit and/or use registration permit. Because Thackeray did not follow normal procedures and did not have the proposed street submitted for City Council's approval before it sought the requisite permits, Thackeray's application with the Department of Licenses and Inspections was denied on the grounds that lots 2–5 would become interior lots having no street frontage in violation of Code § 14–231(5)(a). Thackeray then sought a variance from the street frontage requirements from the Zoning Board.

The Zoning Board granted the variance, finding that the proposed deviation from the street frontage requirement was minimal, and concluding that since the requested variance was "dimensional" in nature, a variance could be granted under the rule of de minimis variance without a showing of traditional hardship. The variance was granted subject to the conditions that the street meet all specifications and requirements of the City and be dedicated to the City for maintenance.

On appeal to the Court of Common Pleas of Philadelphia, the court did not take additional evidence and affirmed the Zoning Board. Appellants, who are adjoining landowners, then appealed to the Commonwealth Court, which disagreed with the trial court's finding that the de minimis standard was appropriate, but affirmed the court's decision on the alternative ground that Thackeray had shown hardship. The Commonwealth Court based its finding of hardship on the fact that if the City refused to accept dedication of the street, the proposed lots would be landlocked, and therefore a hardship would be created.

In this appeal, Appellants contend that (1) the Commonwealth Court erred in relying on the alternative ground of hardship when no evidence of hardship was in the record; (2) the Commonwealth Court erred in finding a hardship under these facts; and (3) the Commonwealth Court, in finding a hardship, effectively usurped the power of the City Council to accept dedication of streets. We agree with Appellants that the Commonwealth Court improperly reached the question of whether a hardship existed in the instant case.

■ As noted, the Commonwealth Court disagreed with the Zoning Board's finding that the variance requested was "dimensional" in nature and therefore could be granted under the rule of de minimis variance without showing a traditional hardship. *See In re Application of Burroughs Corp.*, 54 Pa. Commw. 514, 422 A.2d 1183 (1980). On this point, we agree with the Commonwealth Court.[1] The variance requested by Thackeray is not a "dimensional" variance. Thackeray is not asking that a variance be granted because the size of the lots varies in a de minimis manner from that required by the applicable ordinance. In fact, the lots as proposed meet the dimensional requirements in every way. What they do not meet is the requirement that the lot be fronted for a certain amount of feet on a *street,* as "street" is defined in the Code. Since the proposed street has not yet been confirmed on the City Plan, there is simply no "street" on which the lots will front. *See Kensington South Neighborhood Advisory Council v. Zoning Board of Adjustment of Philadelphia, et al,* 80 Pa.

---

1. Where neither the Court of Common Pleas nor the Commonwealth Court conducted a hearing or received any evidence in this matter, this Court is to determine whether the Board committed an abuse of discretion or an error of law in granting the variance. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (1983).

Commw. 546, 471 A.2d 1317 (1984) (de minimis rule narrowly limited to minor dimensional variations, not to approve a use variance of a variance which would contradict legislative judgment reflected in the Code).

■ However, we do not agree with the Commonwealth Court that the Zoning Board's decision must be affirmed since its findings and the record support Thackeray's entitlement to a variance under the unnecessary hardship standard. We find the Commonwealth Court's conclusions under the circumstances of this case to be premature and incorrect.[2] Specifically, the Commonwealth Court premised its finding of unnecessary hardship on the fact that if City Council refuses to dedicate the street as a public street, the proposed lots will be landlocked. *See Malakoff v. Board of Adjustment of the City of Pittsburgh,* 72 Pa.Commw. 109, 456 A.2d 1110 (1983). The court went further to hold that the hardship was not self-created because the hardship would be created by City Council's actions, which are out of the control of Thackeray.[3]

We find this holding disturbing in that it would appear to permit a party seeking a variance on hardship grounds to show hardship in any case where the exercise of discretion by a political body could be *potentially* adverse to that party. This holding would, we believe, encourage an "end run" around the normal procedure of seeking City Council approval for streets and thus render City Council's authority meaningless. Moreover, the Commonwealth Court's holding in effect permits the creation of private streets in subdivisions without addressing the legality of such streets or whether the court or Zoning Board had the authority to create such streets.[4] Nothing in the record permits this

Court to conclude that Thackeray has a right to create a private or public street at will.

Perhaps even more importantly, we question the appropriateness of Thackeray's characterization of this matter as a variance question. If City Council accepts the dedication of the street, no variance is required at all. If City Council refuses the dedication of the street, the question remains as to whether the Zoning Board has the authority to overturn by variance that decision or whether other legal redress is available. Moreover, in its brief, Thackeray appears to concede that if City Council declines to accept the street, the variance fails. (Brief for Appellee at 6). Accordingly, since City Council has not acted to accept or reject Thackeray's proposal, which would be the typical procedure in these situations, the actions of the Zoning Board and the Commonwealth Court are premature. We are extremely reluctant to create law for the purpose of devising solutions for avoidable mistakes and which encourages other parties to attempt similar tactics.

Here, Thackeray cannot avoid the initial decision of the duly empowered legislative body by attempting an end run and seeking a variance from the Zoning Board which, once granted, emasculates the legitimate legislative function of the City Council. Accordingly, the decision and order of the Commonwealth Court is reversed.

PAPADAKOS, J., did not participate in the decision of this matter.

MONTEMURO, J., is sitting by designation.

---

**2.** With respect to questions of law, we are not bound by the conclusions of the courts below. Conclusions of law are always subject to our review on appeal. *Fiore v. Fiore,* 405 Pa. 303, 305, 174 A.2d 858, 859 (1961).

**3.** The court deemed irrelevant the fact that Thackeray could, without a variance, subdivide the property into five rectangular lots, each fronting Welsh Road, instead of the six proposed lots, four of which would face the cul-de-sac.

**4.** The Commonwealth Court simply noted that the purposes behind the zoning ordinance re-

quiring lots to have street frontage, access of fire, police and emergency vehicles and suitable and reliable access routes to and from the property, would be met in this case. Although adequate access for fire, police and emergency vehicles may be met here, the fact that the City will not be responsible for road maintenance certainly calls into question the propriety of the court's decision with respect to whether suitable and reliable access routes to and from the property would be available. In any event, we find no authority for the court's actions here.