IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian J. O'Neill,                               :
                    Appellant                   :
                                                :
          v.                                    :  No. 1403 C.D. 2016
                                                :  ARGUED:  May 1, 2017
The Philadelphia Zoning Board of                :
Adjustment                                      :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE HEARTHWAY                    FILED:  August 30, 2017


          Appellant Brian J. O'Neill (O'Neill), a Philadelphia City Councilman, appeals from the August 4, 2016 order of the Court of Common Pleas of Philadelphia County (trial court) affirming the Philadelphia Zoning Board of Adjustment's (Board) grant of a variance "per the revised plans" for a proposed residential development.[1]  We quash O'Neill's appeal for lack of standing.[2]


          This case has a long history of court and agency proceedings and concerns a proposed residential development on property located at 9838-44 Legion Street, Philadelphia (Property).  The Property lies in O'Neill's district.

_____

          [1] The City of Philadelphia filed a notice of non-participation with this Court, stating that it never participated in this matter and that O'Neill is privately represented.  (Docket at 4/03/17).

          [2] At oral argument, O'Neill asserted that Land Endeavor O-2, Inc. waived the issue of standing by not filing a cross-appeal.  The issue of an appellant's standing to appeal may be raised in an appellee's brief, as was done here.  *See* G. RONALD DARLINGTON ET AL., PENNSYLVANIA APPELLATE PRACTICE § 501:16 (2016-17).

On September 18, 2003, applicant/appellee Land Endeavor O-2, Inc. (Land Endeavor) applied to the Philadelphia Department of Licenses & Inspections (L&I) for a zoning/use permit to erect two structures containing multiple single-family dwelling units. (Board's Findings of Fact (F.F.) No. 1.) The application proposed access to the dwellings by way of a shared driveway off of Legion Street.[3] L&I denied the permit and years of litigation ensued. (F.F. Nos. 2, 5.) Ultimately, on June 1, 2011, Land Endeavor returned to the Board for a hearing, along with protestant, West Torresdale Civic Association, and O'Neill. (F.F. No. 6, Certified Record (C.R.), 6/1/11 Notes of Testimony (N.T.) at 2, 27.) The Board instructed Land Endeavor to work with the community and come back at a later time. (*See* F.F. No. 6.)

Subsequently, on February 4, 2015, the Board held a hearing, at which Land Endeavor presented a new development plan. (*See* F.F. Nos. 11-12.) The new plan reduced the number of dwelling units and still provided for access to the units by way of a shared driveway off of Legion Street (Revised Plans). (F.F. Nos. 12-14.) The Revised Plans were stamped by the City's Planning Commission and Streets Department, and had been given conceptual approval by the City's Water Department. (F.F. No. 16.) Although Land Endeavor had expected to present the Revised Plans as part of a universal settlement, O'Neill raised concerns to the Board. (F.F. No. 17.) O'Neill referred to the driveway as a "private street," and asked the Board to require that the "street" itself and the water and sewer

---

[3] Certified Record (C.R.), *Land Endeavor 02, Inc. v. City of Philadelphia* (Pa. Cmwlth., No. 268 C.D. 2006, filed August 23, 2007) (*Land Endeavor 02*), slip opinion (op.) at 2.

2

underneath it be built as if the "street" was a city street. (F.F. Nos. 18-19.) The Planning Commission representative testified that her agency had no objection to the development at this location. (F.F. No. 24.) The Board held its decision for further details regarding the water and sewer utilities and surfacing of the "street," and Land Endeavor and O'Neill subsequently submitted letters regarding their positions. (F.F. Nos. 25-28.) On August 18, 2015, the Board granted the variance per the Revised Plans. (F.F. No. 29.)

O'Neill appealed from the Board's decision to the trial court. Land Endeavor intervened to oppose the appeal. O'Neill argued that Land Endeavor failed to establish that it was entitled to a variance. Additionally, O'Neill argued that the Pennsylvania Supreme Court case of *Zimmerman v. Zoning Board of Adjustment of City of Philadelphia*, 654 A.2d 1054 (Pa. 1995) controlled, and that pursuant to *Zimmerman*, Land Endeavor first had to apply to the City for a street to be placed on the City plan before applying for a zoning variance due to lack of street frontage. In response, Land Endeavor argued, *inter alia,* that O'Neill lacked standing to appeal.

The trial court ruled from the bench that O'Neill had standing and explained its reasoning. (Reproduced Record at 114a, 5/4/16 transcript at 10-11.) Subsequently, the trial court issued an order denying O'Neill's appeal on the merits and affirming the Board's decision. In its opinion in support of its order, the trial court stated that the Board reviewed all the relevant factors for a variance, and the trial court determined that the Board's decision was supported by substantial

3

evidence. Additionally, the trial court ruled that *Zimmerman* was not controlling because it was factually distinguishable.

O'Neill now appeals to this Court from the trial court's order. Before this Court, O'Neill argues that (i) the trial court erred in failing to find *Zimmerman* controlling; and (ii) the Board erred in granting the variance because the finding of hardship is not supported by substantial evidence and because Land Endeavor created the hardship. In response, in addition to refuting these arguments, Land Endeavor argues that O'Neill lacks standing to appeal the Board's decision.

We will first address the threshold question of standing. A challenge to a party's standing raises a question of law subject to this Court's plenary, de novo review. *Americans for Fair Treatment, Inc. v. Philadelphia Federation of Teachers*, 150 A.3d 528 (Pa. Cmwlth. 2016).

Land Endeavor argues that O'Neill does not have standing to appeal the Board's decision, either in his individual capacity or in his capacity as a City Council member. Land Endeavor argues that O'Neill is not personally aggrieved and does not have legislative standing.

In response, O'Neill asserts that his standing to appeal is supported on three grounds: (i) section 17.1 of the First Class City Home Rule Act[4] (Home Rule Act); (ii) section 14-303(15)(b)(.1) of the Philadelphia Zoning Code (Code); and

---

[4] Act of April 21, 1949, P.L. 665, added by Section 2 of the Act of November 30, 2004, P.L. 1523, 53 P.S. § 13131.1.

(iii) legislative standing. O'Neill contends that any one of these three grounds is sufficient to establish his standing, and he does not need to show that he is aggrieved by the Board's decision. (O'Neill's Reply Brief at 6.) O'Neill contends that in Philadelphia, it is customary for councilmembers to appeal zoning decisions. O'Neill points out that City councilmembers represent the community and its members and to deny standing to councilmembers would lock the courthouse doors to his constituents who cannot afford lawyers. He also points out that in ruling on the issue of standing, the trial court explained it would be "cumbersome" to the court to require City Council to pass a resolution authorizing the appeal before the trial court could adjudicate it. O'Neill also argues that he has legislative standing because the Board usurped City Council's authority to legislate for public streets and made an "end run" of the process by providing a private street by means of a variance.

We will first address O'Neill's arguments that he has standing under the Home Rule Act and the Code.[5] These arguments involve an issue of statutory construction, which presents a pure question of law. *See Spahn v. Zoning Board of Adjustment*, 977 A.2d 1132 (Pa. 2009). As such, our standard of review is de novo, and our scope of review is plenary. *Id.* Any issue involving the construction of a statute or ordinance must begin by focusing on the plain language. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b); *Spahn*; *cf. Trojnacki v. Board of Supervisors Solebury Township*, 842 A.2d 503

---

[5] The Home Rule Act takes precedence and controls over the Code where there are conflicting provisions concerning standing to appeal a zoning decision. *Spahn v. Zoning Board of Adjustment*, 977 A.2d 1132 (Pa. 2009). Because we do not discern a conflict between the Home Rule Act and the Code with respect to the issue before us, we will address both.

(Pa. Cmwlth. 2004) (stating that although the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, does not expressly apply to zoning ordinances, the principles contained in that act are followed when construing a local ordinance).

Section 17.1 of the Home Rule Act provides:

> In addition to any aggrieved person, the governing body vested with legislative powers under any charter adopted pursuant to this act shall have standing to appeal any decision of a zoning hearing board or other board or commission created to regulate development within the city. As used in this section, the term "aggrieved person" does not include taxpayers of the city that are not detrimentally harmed by the decision of the zoning hearing board or other board or commission created to regulate development.

53 P.S. § 13131.1. Thus, under the plain language of the Home Rule Act, standing to appeal a zoning decision in the City is limited to two classes—aggrieved persons and the governing body vested with legislative powers, *Spahn*, which in Philadelphia is the City Council, *see* Code, § 14-301(2)(a).

Section 14-303(15)(b)(.1) of the Code provides:

> A final decision made by the Zoning Board or the Commission pursuant to this Zoning Code may be appealed to a Pennsylvania Court of Common Pleas by any aggrieved party or by City Council pursuant to Act 193 of 2004 (Act of November 30, 2004, P.L. 1523, 53 P.S. § 13131.1) within 30 days of the decision or such other time as may be provided by law.

6

Thus, an appeal to the trial court from the Board's decision may be taken by any aggrieved party or by City Council. O'Neill argues that the Home Rule Act and the Code grant standing to City Council and City Council is not required to be aggrieved.

The plain language of both the Home Rule Act and the Code grants standing to City Council as a body; nowhere does either grant standing to the individual councilmembers. The Home Rule Act and Code could have easily been drafted to include language to grant standing to the individual councilmembers if that was the intent; however, neither was drafted as such. This Court cannot insert language or otherwise redraft the Home Rule Act or the Code. Moreover, whether councilmembers have appealed zoning decisions in the past and whether constituents can afford to appeal are not considerations for this Court and do not allow this Court to ignore the plain language of the Home Rule Act and the Code. Likewise, the fact that the trial court deems it "cumbersome" for City Council to pass a resolution authorizing a councilmember to appeal a zoning decision before the trial court adjudicates the matter is not relevant. Our review of the pleadings indicates that O'Neill has appealed the Board's decision in his capacity as an individual member of City Council. Thus, O'Neill lacks standing under the Home Rule Act and the Code to appeal from the Board's decision.

We next turn to whether O'Neill has legislative standing to appeal the Board's decision. In *Fumo v. City of Philadelphia*, 972 A.2d 487 (Pa. 2009), the Pennsylvania Supreme Court reviewed jurisprudence concerning standing and stated:

> Legislators and council members have been permitted to bring actions based upon their special status where there was a discernible and palpable infringement on their authority as legislators. The standing of a legislator or council member to bring a legal challenge has been recognized in limited instances in order to permit the legislator to seek redress for an injury the legislator or council member claims to have suffered in his official capacity, rather than as a private citizen. Legislative standing has been recognized in the context of actions brought to protect a legislator's right to vote on legislation or a council member's viable authority to approve municipal action. Legislative standing also has been recognized in actions alleging a diminution or deprivation of the legislator's or council member's power or authority. At the same time, however, legislative standing has not been recognized in actions seeking redress for a general grievance about the correctness of governmental conduct.

*Id*. at 501.

O'Neill argues that the Board's decision violated the City's authority to create streets. O'Neill argues that the Board usurped City Council's authority to legislate for and create public streets, and that Land Endeavor made an "end run" of the process by providing a private street by means of a variance. O'Neill maintains that he has suffered an impairment or deprivation of his official authority to act as a legislator, and therefore, he has legislative standing.

Although O'Neill argues that the Board usurped his power to legislate for a City Street, which seemingly would give him legislative standing if a street were in fact at issue, O'Neill has mischaracterized the issue. Contrary to O'Neill's

8

characterization, the variance did not create a street. Rather, the variance, based upon the Revised Plans, includes a driveway. Land Endeavor is not proposing, and has never proposed, a public street. O'Neill simply prefers that Land Endeavor propose a City street, rather than construct a driveway.[6] However, O'Neill's preference is not a legally protected interest. The Board has exclusive authority to grant variances, *see* Code § 14-301(4)(b)(.1)(.b), and significantly, the variance here does not involve a street. The Board's decision is not a discernible and palpable infringement on O'Neill's authority as a legislator, nor does it deprive or diminish O'Neill's right to vote or other power or authority. Both issues O'Neill raises on appeal (*i.e.*, the trial court's failure to follow *Zimmerman* and whether Land Endeavor established it was entitled to a variance) are general grievances about the correctness of the decisions of the trial court and the Board. Legislative standing does not lie for such challenges. *See Fumo*.[7]

Accordingly, for the foregoing reasons, O'Neill lacks legislative standing to appeal the Board's decision under the circumstances here. Therefore, we quash O'Neill's appeal.

_____
JULIA K. HEARTHWAY, Judge

---

[6] O'Neill does not argue that the proposed driveway does not meet the definition of a "driveway" under the Code. *Cf. Land Endeavor O-2*, slip op. at 8 (discussing trial court's decision and statement that the proposed driveway fits the Code's definition of a "driveway").

[7] O'Neill argues that *Fumo* does not apply because in *Fumo*, the Supreme Court determined that the statute at issue did not contemplate a role for City Council in the issuance of the license, and here the Home Rule Act and the Code confer standing upon City Council to appeal decisions of the Board. While City Council may appeal zoning decisions, to have legislative standing, it is still necessary for the Board's decision to undercut the authority of City Council or a councilman, or diminish their vote. As stated, that did not occur here.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian J. O'Neill,                         :
                    Appellant             :
                                          :
            v.                            :  No. 1403 C.D. 2016
                                          :
The Philadelphia Zoning Board of          :
Adjustment                                :


# O R D E R


AND NOW, this 30th day of August, 2017, the appeal of Brian J. O'Neill is hereby quashed.


_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian J. O'Neill,                :

            Appellant    :

                       :

        v.              :   No. 1403 C.D. 2016

                       :   Argued:  May 1, 2017

The Philadelphia Zoning Board of   :

Adjustment                 :


**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE JULIA K. HEARTHWAY, Judge**
**HONORABLE JAMES GARDNER COLINS, Senior Judge**


**CONCURRING OPINION**
**BY JUDGE BROBSON**            **FILED:  August 30, 2017**


I join in the majority's disposition of this appeal.  Specifically, I agree that neither the First Class City Home Rule Act[1] nor the Philadelphia Zoning Code confers standing on an individual councilperson to challenge the Philadelphia Zoning Board of Adjustment's grant of a variance.  I write separately because I can fathom a circumstance where the Philadelphia City Council (City Council) may not be nimble enough to act as a body within the time constraints for challenging such a decision.  In that situation, it may be adequate for a councilperson to initiate a challenge on behalf of City Council, with prompt formal action by City Council thereafter ratifying the appeal.

P. KEVIN BROBSON, Judge

---

[1] Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §§ 13101-13157.