IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of East Torresdale Civic Association | : | |
| | : | |
| | : | |
| | : | No. 562 C.D. 2019 |
| Appeal of: Kevin Goodchild | : | Submitted: March 24, 2020 |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge (P.)
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: May 4, 2020

Kevin Goodchild (Landowner) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court), dated April 17, 2019, which granted the appeal of the East Torresdale Civic Association (Association) and reversed the decision of the Philadelphia Zoning Board of Adjustment (Board), thereby denying Landowner's use variance. Landowner also challenges the trial court's order dated March 4, 2019, denying his motion to quash the Association's appeal.

Landowner owns Maggie's Waterfront Café, which is located at 9242 North Delaware Avenue, Philadelphia (Property). *See* Board's Decision at 1. The Property has been zoned RSA-5 residential since the time Landowner purchased it in December 2007. Board's Findings of Fact (F.F.) 8. In 2014, the Board granted Landowner's zoning/use permit "for the erection of a two (2) story addition and a one

(1) story addition over a one (1) story portion of an existing building, with the erection of a canopy and an accessory storage shed." F.F. 13. The Board conditioned the approval on several provisos detailed in an August 8, 2014 letter from the Association, a registered community organization[1] with the City of Philadelphia (City), which prohibited the use of the outdoor patio, among other things. *See id.*; Supplemental Reproduced Record (S.R.R.) at 73b-77b. The August 8, 2014 letter stated the intent was that "there will be no features or functions (tables, chairs, etc.) that would allow, invite, entice or promote patrons to congregate outside." S.R.R. at 76b.

In 2016, Landowner purchased an adjacent parcel at 5216 Arendell Avenue and consolidated the two parcels. Application for Stay ¶ 7. The additional land is situated to the northwest of the Property between an outdoor patio and neighbors' houses.

Thereafter, Landowner applied to the City's Department of Licenses and Inspections (L&I) for a zoning/use registration permit for the Property. F.F. 1. Landowner proposed: (1) construction of a two-story addition to an existing structure; (2) extension of the existing restaurant; and (3) erection of a one-story walk-in box and a detached shed. F.F. 1. The Department denied the permit, stating, *inter alia*, the existing restaurant had been originally approved by variance, so any extension or modification of the use required further Board approval. F.F. 2. Landowner appealed to the Board and amended his application to include a request for approval for outdoor seating. F.F. 3-4. L&I then issued a revised refusal denying the amended proposal.

---

[1] Registered community organizations, or RCOs, are groups that are concerned with the physical development of their community. Registered community groups receive advance notice of projects within their community that will be reviewed by the Board, hold public meetings where comments on planned development may be made and receive notification of variance or special exception applications. *See https://www.phila.gov/programs/registered-community-organizations-rcos/* (last visited March 17, 2020).

F.F. 5. In addition to the reasons set forth in its initial denial, L&I also stated that the variance for the existing restaurant included a proviso stating, "no outdoor seating." F.F. 5. Therefore, L&I concluded that the request for outdoor seating was not consistent with the previous proviso and required Board approval. F.F. 5.

The Board held a June 13, 2018 hearing on Landowner's appeal at which the Association, as well as other neighbors, opposed the variance application. F.F. 15, 35, 47 & 54. William Kennedy, vice-president of the Association, testified. F.F. 47. Mr. Kennedy testified that he lives about three-quarters of a mile from the Property but he did not otherwise place his address on the record. Hearing Transcript (H.T.) 6/13/18 at 36, Reproduced Record (R.R.) at 205a. He further testified regarding the conditions placed on Landowner's 2014 permit. F.F. 48-49.

The Board granted the variances on July 11, 2018, with the conditions that there cannot be any outdoor music and no use of the outdoor café after 9:30 p.m., that deliveries must be made between 8:00 a.m. and 10:00 a.m. only, and that Landowner provide a registered community organization member with an email and phone number for contact persons. F.F. 59.

The Association appealed to the trial court. Landowner filed a motion to quash the appeal on the ground that the Association lacked standing to appeal, which the trial court denied by order dated March 1, 2019. After argument on the merits of the Association's appeal, the trial court, by order dated April 17, 2019, reversed the Board's determination and denied Landowner's application for a use variance. In doing so, the trial court concluded that the alleged unnecessary hardship, that is, the prohibition against food and beverage service on the outdoor patio, was self-created by Landowner when he agreed to the 2014 proviso. Trial Court Opinion at 8-9.

3

Landowner then appealed to this Court.[2] Before this Court,[3] Landowner raises four arguments: (1) that the trial court erred in failing to grant Landowner's motion to quash, as the Association lacks standing; (2) that the trial court erred by reversing the entire Board decision when the only issue preserved on appeal was related to the outdoor patio and the trial court failed to address issues other than the outdoor patio; (3) that the Board and the trial court incorrectly applied the variance standard to a request for a modification of a condition; and (4) that Landowner satisfied the standard for a modification to justify the Board's grant of approval. Landowner's Brief at 4.

## 1. The Association's Standing

Landowner contends that the Association did not demonstrate organizational standing by virtue of its organizational purpose because it failed to prove that its interests are greater than that of any other citizen or that any of its members are aggrieved. *See* Landowner's Brief at 14-16. Landowner argues that the Association did not show evidence of property interests in the immediate vicinity, nor did it assert any particular harm suffered due to the variances. *Id.* at 11. Moreover, the vice-president of the Association, Mr. Kennedy, lives almost a mile away from the Property and did not place his address on the record. *Id.* at 11 & 16-

---

[2] Landowner filed an Emergency Application for a Stay Pending Appeal Pursuant to Pa.R.A.P. 1732, which this Court denied. *In Re: Appeal of East Torresdale Civic Association* (Pa. Cmwlth., No. 562 C.D. 2019, filed Aug. 30, 2019) (single-judge op.) (*Goodchild I*).

[3] Where, as here, the trial court does not take additional evidence, this Court's review is limited to determining whether the Board committed an error of law or an abuse of discretion. *See Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id*. at 640. Substantial evidence is such evidence a reasonable mind might accept as adequate to support a conclusion. *Id.*

17. Landowner also argues that participation alone in a Board hearing does not confer standing to appeal. *Id.* at 17-18.

A challenge to a party's standing raises a question of law subject to this Court's plenary, de novo review. *Ams. for Fair Treatment, Inc. v. Phila. Fed'n of Teachers*, 150 A.3d 528 (Pa. Cmwlth. 2016).

Section 17.1 of the First Class City Home Rule Act[4] (Home Rule Act) limits standing to appeal a zoning decision to two classes—aggrieved persons and the governing body. 53 P.S. § 13131.1; *O'Neill v. Phila. Zoning Bd. of Adjustment*, 169 A.3d 1241, 1245 (Pa. Cmwlth. 2017). Section 17.1 further provides, "the term 'aggrieved person' does not include taxpayers of the city that are not detrimentally harmed by the decision of the zoning hearing board or other board or commission created to regulate development." 53 P.S. § 13131.1. "To have standing, a party must demonstrate a substantial, direct and immediate interest in the outcome of litigation as opposed to a remote and speculative interest." *Soc'y Hill Civic Ass'n v. Phila. Bd. of License & Inspection Review*, 905 A.2d 579, 586 (Pa. Cmwlth. 2006). "A substantial interest is one that surpasses the common interest of all citizens in procuring obedience to the law." *Id.* at 586 n.3. "A direct interest requires a showing that the matter complained of has caused harm to a party's interest, and an immediate interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it." *Id.*

In *Society Hill*, this Court recognized an association's standing to appeal to the trial court from a Board decision affirming a decision of the City's architectural committee that allowed the landowner to replace deteriorated marble cornices with fiberglass cornices. *Id.* at 583. The association appealed to the trial

---

[4] Act of April 21, 1949, P.L. 665, *as amended*, added by Section 2 of the Act of November 30, 2004, P.L. 1523, 53 P.S. § 13131.1.

court, and the landowner and the City sought to quash the appeal based on the association's purported lack of standing. *Id.* The trial court denied the motion to quash, concluding that the association had a substantial, direct and immediate interest in the preservation of historic attributes of the area. *Id.* On appeal, we noted that the association and its members were directly involved in the subject of the litigation by negotiating with the landowner for preservation of the facades and by expressing their concerns at various architectural committee meetings and before the City's Historical Commission. *Id.* at 586. We concluded that the association's activities and purpose were sufficient to provide a direct, substantial and immediate interest in the outcome of the litigation. *Id.*; *see also Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132, 1152 (Pa. 2009) (recognizing this Court in *Society Hill* relied upon association's intimate involvement in negotiations for preservation of facades and participation in public hearings to conclude association had standing to appeal).

We acknowledge that *Society Hill* involved Philadelphia's Historic Preservation Ordinance, not an appeal of a zoning decision. *Society Hill*, 905 A.2d at 581. Nevertheless, this Court still applied the aggrieved person standard, *id.* at 586, and we find the facts and reasoning of that case to be on point. In *Society Hill*, the association was held to have standing because it and its members were involved in negotiating the underlying preservation requirements that the developer sought to modify and expressed their concerns at various public meetings. *Id.* at 582-83 & 586.

Here, the Association is a registered community organization with the City. Significantly, the Association was instrumental in the 2014 proviso that allowed Landowner's expansion of the Property in 2014 but without the availability

6

of outdoor seating. F.F. 7 & 13. Like the association in *Society Hill*, the Association and its members were directly involved in the subject of this litigation by negotiating an agreement with Landowner that resulted in the 2014 proviso that Landowner now seeks to modify. *See* S.R.R. at 73b-77b. Additionally, the Association also sought "relief" from L&I to enforce violations of the 2014 proviso and participated in the hearings that were the subject of Landowner's 2017 variance application which sought, among other things, to modify the 2014 proviso. *See* F.F. 47-52; H.T. 6/13/18 at 36-40, R.R. at 76a-80a. Therefore, we conclude that the Association had standing to appeal, and the trial court did not err in denying Landowner's application to quash the Association's appeal.

## 2. Variances Challenged Before the Trial Court

Landowner contends that the trial court erred by reversing the entire Board decision because the Board decision granted multiple variances and a modification of the proviso, and the Association only challenged the use for outdoor seating before the trial court. Landowner's Brief at 11-12 & 22-24.

The Association disagrees that it only challenged the outdoor seating before the trial court. The Association points to its "Statement of Questions Involved" section of its brief before the trial court, which asks whether the Board "commit[ted] an error of law or an abuse of discretion when it granted [Landowner] a use variance *to expand the existing structures at the Property* and permit Applicant to use the outdoor patio at the Property for food and beverage service?" Association's Brief at 33 (emphasis in original) (citing the Association's Trial Court Brief at 4). The Association further points out that it argued Landowner "produced little or no evidence regarding the economic impact related to the proposed expansion of the existing structure." Association's Brief at 34 (citing R.R. at 122a).

7

The Association points out that in support of this contention, it quoted the following testimony in a footnote:

> To the extent Applicant produced evidence regarding its business operations, such evidence (if it qualifies as such) was limited to the proposed expansion of the existing structure. Counsel for Applicant stated that: (a) "[t]he expansion of the building is necessary for the continued operation of the previous[ly] approved second floor banquet" (Notes of Testimony (N.T.) 17:15-18); (b) "[n]ot having a kitchen on the second floor, becomes problematic when you're trying to do catered events" (N.T. 5:20-22).

Association's Brief at 34 (citing R.R. at 122a). The Association further points out that Landowner raised this same argument in its Emergency Motion for Stay Pending Appeal Pursuant to Pa.R.A.P. 1732 (Motion for Stay) filed with this Court. *Id.* The Association contends that this Court found that it appropriately raised issues that referred and related to the expansion of the existing restaurant structure. *Id.* The Association quotes from this Court's single-judge opinion, authored by the undersigned, which states, "[o]ur review of [the Association's] brief in support of its appeal to the [t]rial [c]ourt reveals that [the Association] gave the same attention to these issues as Landowner's evidence in support of its variance request before the [] Board, that is, very little." Association's Brief at 34-35 (quoting *Goodchild I*, slip op. at 9, n.5).

Initially, we note that, contrary to the Association's assertion, in denying Landowner's Motion for Stay, this Court did not decide the underlying merits or whether the Association appropriately raised issues concerning the expansion of the existing restaurant structure. Next, our review of the Association's trial court brief in its entirety, as well as its argument before the trial court, reveals

8

that the Association only challenged the outdoor seating, as Landowner contends. While the Statement of Questions Involved may be ambiguous and, arguably, broad enough to include structures in addition to the outdoor patio, it also, arguably, is limited to only the outdoor patio, as it asks whether the trial court "commit[ted] an error of law or an abuse of discretion when it granted [Landowner] *a use variance to expand the existing structures at the Property and permit Applicant to use the outdoor patio* at the Property for food and beverage service?" Association's Trial Court Brief,[5] R.R. at 112a (emphases added). Notably, however, the Association lists five sub-questions to the aforementioned question, all asserting errors as they relate to the standards for granting a variance. These questions refer to only "a use variance" in the singular and specifically mention only the food and beverage service on the outdoor patio. R.R. at 112a. Additionally, and significantly, the argument portion of the Association's brief only develops arguments as they relate to the outdoor patio. *See generally id.* at 117a-30a. Indeed, even the footnote the Association quotes actually undermines its position. The Association's trial court brief states Landowner "produced little or no evidence regarding the economic impact related to the proposed expansion of the existing structure" and then contains a footnote stating that to the extent Landowner did, the evidence related to the proposed expansion of the existing structure, namely the second floor banquet. R.R. at 123a. Merely mentioning the expansion of the existing structures relating to the second floor is not putting them at issue. Rather, the implication here is just the opposite— the Association is saying to the extent there was such evidence, it related to something else, *i.e.,* the second floor banquet/kitchen facilities and not the outdoor patio. Finally, the Association does not cite to anywhere in the hearing transcript of

---

[5] The pages of the Association's trial court brief are not numbered. Therefore, we will cite only to the reproduced record page numbers.

9

oral argument before the trial court where it raised and preserved a challenge to any variance other than one related to the outdoor seating. *See* Pa.R.A.P. 2117(c) (requiring brief to contain statement of place of preservation of issue). Therefore, we conclude that, before the trial court, the Association only challenged the Board's decision as it related to the 2014 proviso. Further, we agree with Landowner that, although the trial court's decision only addressed the 2014 proviso, its order reverses the Board's decision in its entirety. Consequently, to the extent the trial court reversed the Board's decision as it related to the other variances sought, such was error. Accordingly, what remains for our disposition is Landowner's challenges related to the 2014 proviso.

### 3. Standard to Apply to Request to Modify 2014 Proviso

Landowner argues that both the Board and the trial court incorrectly applied the variance standard to a request for a modification of a condition. Nevertheless, Landowner argues that it satisfied the standard for a modification to justify the Board's grant of approval permitting outdoor patio service. Landowner requests that this Court reverse the trial court's decision and reinstate the Board's decision or, alternatively, remand the matter to the Board to apply the appropriate standard. Landowner's Brief at 34.

In response, the Association argues that Landowner is not entitled to the relief he seeks. The Association argues that to the extent the traditional variance standard applied, Landowner failed to meet his heavy burden for a variance. Association's Brief at 17. The Association contends that, before the trial court, Landowner did not argue that the record supported the Board's decision under the traditional grounds for a variance. *Id.* at 24. The Association argues, however, that even under the modification standard Landowner advanced, Landowner is not

entitled to relief, because the record does not support a finding of a change in circumstance that rendered the 2014 proviso inappropriate or an absence of injury to the public interest. *Id.* at 24-25.

This Court has previously considered a property owner's request to remove conditions that a zoning hearing board had attached to its grant of a variance. *See, e.g., German v. Zoning Bd. of Adjustment*, 41 A.3d 947 (Pa. Cmwlth. 2012); *Ford v. Zoning Hearing Bd. of Caernarvon Twp.*, 616 A.2d 1089 (Pa. Cmwlth. 1992). In analyzing the issue, we referred to and quoted from Robert S. Ryan's treatise on zoning, stating:

> An owner which wishes to obtain a modification of a condition which has become final can obtain relief if he establishes:
>
> (1) Either grounds for traditional variance (*Saber [v. Zoning Hearing Bd. of the Borough of Roaring Spring Borough*, 526 A.2d 464 (Pa. Cmwlth. 1987)]) or changed circumstances which render the condition inappropriate (*Amoco [Oil Co. v. Zoning Hearing Bd. of Middletown Twp.*, 463 A.2d 103 (Pa. Cmwlth. 1983)]); and
>
> (2) Absence of injury to the public interest.

*Ford*, 616 A.2d at 1092 (quoting Robert S. Ryan, Pennsylvania Zoning Law and Practice, § 9.4.20 (1970)); *see also German*, 41 A.3d at 950. We explained:

> Because, as noted above, conditions imposed by a zoning hearing board are presumed to be for the purpose of protecting the public interest, when a party demonstrates a change in circumstances related to the land at issue which indicates that the conditions are no longer appropriate for the protection of the public's interest, a zoning hearing board may re-evaluate the conditions it originally

11

imposed. If a party demonstrates a change in circumstances, then a reviewing body may proceed to consider whether the original conditions continue to serve the function of protecting the public interest that gave rise to the particular conditions in the first place.

*German*, 41 A.3d at 950.

Notably, here, Landowner does not argue that the record supported the Board's decision under the grounds for a traditional variance. Thus, any challenge to the trial court's determination as it relates to Landowner's failure to establish relief on the basis of meeting the elements for a traditional variance is not before us. Nevertheless, Landowner argues the Board and trial court applied the "incorrect" standard. While the Board's and trial court's consideration of whether Landowner met the standards for a traditional variance was not incorrect, it was incomplete, as pursuant to the first requirement for a modification, an applicant must establish "[e]*ither* grounds for [a] traditional variance *or* changed circumstances which render the condition inappropriate . . . ." *Ford*, 616 A.2d at 1092 (emphasis added); *see also German*, 41 A.3d at 950. Because both the trial court and the Board failed to apply the changed circumstances standard, we must remand the matter to the Board to apply this standard.

Accordingly, in sum, we: (1) affirm the trial court's determination that the Association had standing to appeal from the Board's decision; (2) reverse the trial court's order to the extent it reversed the grant of any variances other than the use variance for the outdoor patio and reinstate the Board's determination with respect to those other variances; and (3) affirm, in part, the trial court's decision to the extent it reversed the grant of the use variance for the outdoor patio, but vacate, in part, the trial court's decision, to the extent it affirmed the Board's failure to consider whether Landowner is entitled to a modification of the 2014 proviso

12

condition. This matter is remanded to the Board to decide whether Landowner established changed circumstances which render the condition inappropriate and whether there is an absence of injury to the public interest. *See Ford*, 616 A.2d at 1092; *see also German*, 41 A.3d at 950.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Appeal of East Torresdale      :
Civic Association      :
    :
    :    No. 562 C.D. 2019
    :
Appeal of:  Kevin Goodchild      :

## O R D E R

AND NOW, this 4th day of May, 2020, the order of the Court of Common Pleas of Philadelphia County (trial court), dated April 17, 2019, is: (1) REVERSED in part to the extent it denied any variance other than the use variance for the outdoor patio; (2) AFFIRMED, in part, to the extent it denied the use variance for  the outdoor patio; and 3) VACATED, in part, to the extent the trial court affirmed the Philadelphia Zoning Board of Adjustment's (Board) failure to consider whether Kevin Goodchild (Landowner) is entitled to a modification of the 2014 proviso condition.  As such, the Board's determinations with respect to all variances other than the use variance for the outdoor patio are reinstated, and we REMAND this matter to the Board to apply the test of whether Landowner established changed circumstances which render the condition inappropriate and an absence of injury to the public interest.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge